ute Or... rm (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3287 | **DATE** | 5/13/2004 |
| **CASE TITLE** | LOIS JONES vs. MARIAM HARRISON | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion to proceed in forma pauperis is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | Document Number |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAY 1 4 2004 | | |
| ✓ | Docketing to mail notices. | | date docketed | | |
| ✓ | Mail AO 450 form. | | 6 | | 5 |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | |
| LG | courtroom deputy's initials | | date mailed notice | | |
| | | | mailing deputy initials | | |

JANAS TOIRTSIG .2.U TRUOO TOIRTSIG .2.U

2004 MAY 13 PM 6: 46

Date/time received in central Clerk's Office

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LOIS JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04 C 3287 |
| | ) | |
| MARIAM HARRISON, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED

MAY 7 4 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Lois Jones brought this action against defendant, Cook County Probate Judge Miriam Harrison, alleging slander, conspiracy, violation of rights under the Fourteenth Amendment, and violation of 42 U.S.C. § 1983. Along with her *pro se* complaint plaintiff also filed a motion to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(a) we may authorize plaintiff to proceed *in forma pauperis* if she demonstrates an inability to pay the required costs and fees. The court's review of plaintiff's eligibility to proceed *in forma pauperis* is hindered by plaintiff's incomplete financial affidavit. Plaintiff's responses to the questions that she did answer confirm that she is not currently employed and does not have any savings. However, she does not state when she was last employed, nor whether she or anyone at her same address has made more than $200 from salary or wages over the past year. In response to a question about her current employment plaintiff indicates that she is receiving benefits from the Social Security Administration, but she does not report the amount. Given the incomplete financial affidavit, we do not find that plaintiff has evidenced her inability to pay. Completion of the affidavit could easily cure this defect and prove plaintiff to be unable to pay the court fees. Therefore, we will go on to

address the merits of plaintiff's claims.

In reviewing a petition to proceed *in forma pauperis* we analyze the plaintiff's claims and dismiss the complaint if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). Complaints by *pro se* parties, such as the one before the court, are "liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000).

For purposes of this decision we take plaintiff's allegations as true, though we do not accept her conclusory statements of law. *See* Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). Plaintiff's allegations stem from Judge Harrison's role in legal proceedings involving plaintiff's ailing father. Plaintiff and her siblings were concerned about the medical treatment their father was receiving. The complaint is unclear whether the alleged neglect he endured was at a residential facility, in outpatient care, or during hospitalizations. Regardless, in late March 2002, plaintiff took action, appearing in defendant's court on a petition requesting guardianship of her father "as it related to his intake of medication." Plaintiff maintains that Judge Harrison was bound to rule on this petition in a timely manner and at least within 90 days. Plaintiff states that Judge Harrison failed to do so, even though she did assign a guardian ad litem less than a month later, in April 2002, to investigate the matter. The guardian was released from service by Judge Harrison on May 6, 2002, allegedly because "there were no assets."

Plaintiff maintains that her father continued to be neglected and to receive improper

medication, leading to his deteriorating health and ultimate death in November 2003. In late September 2002, plaintiff returned to Judge Harrison's courtroom to present a scheduled emergency motion regarding her father. Plaintiff's father was receiving medical care from his former doctor's wife, who was not licensed to practice medicine in Illinois. Plaintiff alleged that the wife's treatment resulted in plaintiff's father suffering from an insulin overdose. Though the complaint is unclear, it appears that during this motion hearing, Judge Harrison ruled on a previous motion filed by plaintiff for change of venue. Plaintiff states that she made an oral motion to withdraw the request for change of venue, but that Judge Harrison did not allow the withdrawal and transferred the case to another judge. At some point after presenting her motion, plaintiff was escorted out of the courtroom by the sheriff and was told that if she re-entered she would be arrested. Plaintiff's complaint omits any explanation of what, if anything, provoked this action.

Plaintiff also alleges a conspiracy involving Judge Harrison. On or about October 1, 2002, the newly assigned judge appointed Ellen Douglas, the second guardian ad litem for plaintiff's father. Plaintiff states that prior to Douglas's appointment, Judge Harrison gave Douglas false information and a photograph of plaintiff, which resulted in "prejudice and conspiracy against the Plaintiff" and the violation of her rights to "be with and be dedicated to her father and to help care for him . . . ." In a list of plaintiff's father's hospitalizations during 2002 and 2003, plaintiff notes that after his September 25, 2002 discharge from Roseland Hospital, she was not allowed to see him "due to Defendant's False Allegations and Slander."

We need not address whether plaintiff has successfully pled each of her claims, for

defendant is immune from damages on all counts. Plaintiff asserts in her complaint that absolute immunity does not apply to Judge Harrison in this case because her offending actions were outside the scope of her employment. However, her allegations do not support this legal conclusion. The actions about which plaintiff complains are Judge Harrison's responses to plaintiff's March 2002 and September 2002 motions, her appointment of a public guardian in April 2002, her decision to grant plaintiff's motion for a change of venue, and her conversation with plaintiff's father's second court-appointed guardian, Ellen Douglas. Judge Harrison is immune from liability for damages if the acts giving rise to plaintiff's action were performed within her jurisdiction and in a judicial capacity. Alexander v. Reid, 2003 WL 1733648 at *2 (N.D.Ill. 2003)(citing Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). "A judge will not be deprived of immunity because the action taken was in error, was done maliciously, or was in excess of his authority; rather, will be subject to liability only when the judge has acted in the clear absence of all jurisdiction." Offutt v. Kaplan, 884 F. Supp. 1179 (N.D.Ill. 1995)(citing Sipka v. Soet, 761 F. Supp. 761, 765 (D.Kan. 1991)).

Judge Harrison's rulings on plaintiff's March 2002 and September 2002 motions, her appointment of a guardian ad litem, and her decision on plaintiff's motion for a change of venue, despite the request to withdraw it, are all actions that were clearly within her jurisdiction and judicial capacity. The only action that could be construed as outside the scope of her absolute immunity is her alleged conversation with Douglas. Yet, given the assertions of the complaint, this conversation is also deserving of immunity.

Plaintiff alleges that Judge Harrison slandered her to the woman who was immediately thereafter appointed guardian ad litem for plaintiff's father. The result of Judge Harrison's

alleged slander was that plaintiff was not able to see her father. To determine whether an action is within Judge Harrison's jurisdiction, the court looks to whether she acted in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1105 (1978). To determine whether the act was performed in a judicial capacity the court looks to whether it preserves the judicial process. Alexander, 2003 WL 1733648 at *2 (citing Hansen v. Bennett, 948 F.2d 397, 403 (7th Cir. 1991). Given that the pertinent conversation took place between a judge and a court-appointed guardian ad litem (a position that has been described as an "arm of the court," see Collins v. Tabet, 111 N.M. 391, 806 P.2d 40, 44 (N.M. 1991)), and concerned a case before the judge, resulting in an apparent legal restriction on plaintiff's ability to interact with her father, the court cannot conclude that Judge Harrison had this conversation in "clear absence of all jurisdiction," nor that it was held outside her judicial capacity.

In reaching our decision to deny plaintiff's *in forma pauperis* petition, we have had to make some assumptions given the complaint's vagaries and omissions.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to proceed *in forma pauperis* is denied.

_James B. Moran_
JAMES B. MORAN
Senior Judge, U. S. District Court

_May 13_, 2004.