

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3287 | **DATE** | 5/27/2004 |
| **CASE TITLE** | LOIS JONES vs. MARIAM HARRISON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion to reconsider is denied. Plaintiff's motion to proceed in forma pauperis is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | MAY 2 8 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 9 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | MAY 2 8 2004 date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOIS JONES,                    )
                               )
            Plaintiff,         )
                               )
    vs.                        )   No. 04 C 3287
                               )
MARIAM HARRISON,               )
                               )
            Defendant.         )

MAY 2 8 2004

## MEMORANDUM OPINION AND ORDER

In our Memorandum Opinion and Order, dated May 13, 2004, we denied plaintiff Lois Jones' motion to proceed *in forma pauperis* and dismissed her complaint against Cook County Probate Judge Miriam Harrison. Though we could not determine whether plaintiff was financially eligible to proceed *in forma pauperis* due to her incomplete financial affidavit, we proceeded to analyze the merits of her claims to determine whether they were frivolous, malicious, failed to state a claim, or were brought against a defendant immune from relief. We found that defendant was immune from suit and therefore dismissed the complaint.

Plaintiff now brings a motion to reconsider. A party can bring a motion to reconsider in order to correct errors of law or fact or present newly discovered evidence. *See* Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 529 (7th Cir. 2000)(citing LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263 (7th Cir. 1995)). Plaintiff does none of these. Rather, she clarifies her complaint and provides information omitted from her financial affidavit. As we do not hold pro se pleadings to the same stringent standards as those applied to pleadings drafted by lawyers, we will analyze the merits of plaintiff's argument in her motion to reconsider, despite its failings.

We suggested in our prior opinion that plaintiff could easily cure the defects in her

original financial affidavit by supplying the missing information. She has now done so. In her motion to reconsider plaintiff confirms that she has no assets, she is currently receiving no income from work or social security and no one in her household has made more than $200 in the past year. Yet, proof of financial eligibility was not the basis for our denial of plaintiff's *in forma pauperis* motion. The motion was denied due to defendant's immunity from suit. Thus, financial eligibility alone does not justify a reversal of our prior holding, plaintiff must have a non-frivolous claim against a defendant who is not immune from suit.

Plaintiff acknowledges that defendant has absolute immunity from all decisions made by her as a judge, even though they may have caused "pain, suffering and in this case even death." Though this immunity frees defendant from suit for actions taken within her jurisdiction and judicial capacity, *see* Rothman v. City of Chicago, 2003 WL 21148180 at *12 (N.D.Ill. 2003), plaintiff maintains that it does not free defendant from liability for the claim of slander. Plaintiff states in her motion to reconsider that defendant slandered her "to a woman several Days [sic] after she abruptly transferred the probate case and not in open court." In her complaint plaintiff identified the woman as the guardian *ad litem* appointed for plaintiff's father by the judge to whom her case was transferred. Thus, unlike in her complaint, plaintiff clearly asserts that defendant made these allegedly slanderous statements outside the courtroom, after she no longer had jurisdiction over plaintiff's case. Based on plaintiff's allegations, defendant might not be entitled to the absolute immunity accorded to certain judicial actions.

Yet, defendant is still immune from suit for slander. Absolute privilege related to judciail proceedings covers "formal pleadings, in-court communications and 'any communication pertinent to pending litigation.'" Barakat v. Matz, 648 N.E.2d 1033 (1 Dist. 1995)(quoting McCutcheon v. Moran, 99 Ill.App.3d 421, 425, 425 N.E.2d 1130 (1981). This

privilege extends to statements made to administrative agencies that act in a quasi-judicial capacity and applies to "actions necessarily preliminary to judicial or quasi-judicial proceedings." Parrillo, Weiss & Moss v. Cahion, 181 Ill.App.3d 920, 928, 537 N.E.2d 851 (1989). According to plaintiff's allegations, at the time defendant made her slanderous statements plaintiff had a case pending before another judge that involved her father's medical treatment. That judge appointed Ellen Douglass, as the guardian *ad litem* for plaintiff's father. As we pointed out in our prior memorandum order and opinion, the role of the guardian *ad litem* has been described as an arm of the court. *See* Collins v. Tabet, 111 N.M. 391, 806 P.2d 40, 44 (N.M. 1991). Plaintiff states that the guardian's task was to "investigate" the matter. Defendant's alleged slanderous statements were made to the guardian while litigation was pending. Plaintiff's alleged harm was interference with her "rights to see, be with, and be dedicated to her father," which suggests that the pending matter resulted in a court action inhibiting plaintiff's access to her father. These facts supported a finding that defendant was entitled to judicial immunity before plaintiff alleged that defendant's comments took place out of the courtroom and after the case was transferred. Now, given the clarifications in the motion to reconsider, plaintiff's allegations still support a finding that defendant is entitled to absolute immunity because her comments were addressed to a court-appointed investigator involved in a pending proceeding.

## CONCLUSION

For the foregoing reasons, we deny plaintiff's motion to reconsider.

                                                  *James B. Moran*
                                                  JAMES B. MORAN
                                                  Senior Judge, U. S. District Court

*May 26*, 2004.